IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Giuseppe Viola, <br><br> Petitioner, <br><br> vs. <br><br> Laura Escapule, Thomas C. Horne, <br><br> Respondents. | No. CV-14-1073-PHX-DJH (JZB) <br><br> **REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Petitioner Giuseppe Viola has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.   SUMMARY OF CONCLUSION**

Petitioner presents the same claims in his habeas Petition that he raised on direct appeal in state court. However, Petitioner did not raise these as federal claims in state court, and a return to state court would be futile. Therefore, Petitioner's claims are procedurally defaulted. Petitioner has not shown cause for his procedural default of these habeas claims, nor has Petitioner established his actual innocence of the crimes of conviction. Therefore, Petitioner's procedural default of his habeas claims should not be excused and the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### a. FACTS OF THE CASE

From 1988 through 1990, Petitioner, acting as John Joseph Viola,[1] induced at least five victims to provide him with money to purchase shares in a "managed account in financial futures," i.e., entities represented as the Yuban Family Trust and Yuban Trading. (Doc. 10, Ex. D at 2, 7.) The victims testified at Petitioner's trial that Petitioner offered them the opportunity to invest in high-return securities and convinced them to sign agreements with "Yuban Trading and Leasing." (*Id.* at 6.) The agreements provided to each victim by Petitioner stated that the victims were "acquiring a managed account in financial futures from Yuban Trading, a wholly owned subsidiary of Yuban Family Trust, a federally registered investment trust organized in the Commonwealth of Pennsylvania." (*Id.* at 6-7.)

The Yuban Family Trust was, however, not an entity registered with the Securities and Exchange Commission, and Petitioner was not registered with the Commodity Futures Trading Commission as a representative or agent of any recognized entity at the time of the transactions. (*Id.* at 5.) Neither was the Yuban Family Trust an entity recognized or organized in the Commonwealth of Pennsylvania. (*Id.* at 7-8.) Petitioner did not inform at least four of the five victims that he had prior felony convictions for "various financial crimes," which was a "material omission" under the Arizona Fraudulent Schemes statute. (*Id*. at 4, 8.)

The victims did not receive their money when they asked for it to be returned and, after a certain time, the victims could no longer reach Petitioner by telephone. (*Id.* at 8.) One victim eventually received $500 from Petitioner and another received $4,000 from Petitioner, however, all of the other victims lost all of the money they had "invested"

---

[1] Petitioner asserts he is not John Joseph Viola. (Doc. 1 at 6) ("alleged named defendant Joseph Viola, as distinct from Petitioner Giuseppe Viola").

with Petitioner.[2] (*Id*. at 8.) A search of Petitioner's home yielded "documents related to the transactions involving all five victims." (*Id*. at 9.)

### b. TRIAL COURT PROCEEDINGS

#### i. Trial and Sentencing

An indictment filed September 19, 1990, charged Petitioner with five counts of fraudulent schemes and artifices. (Doc. 10, Ex. D at 1.) On May 25, 1990, Petitioner made an initial appearance on the charges stated in the indictment, and he was released on his own recognizance at that time. (Doc. 10, Ex. B at 22.) Petitioner did not appear for a scheduled preliminary hearing on May 31, 1990, but instead traveled to Los Angeles, obtained a new passport, and relocated to Italy. (*Id.* at 22-23.) At some point between 1990 and 2010, Petitioner relocated to northern California. (*Id.* at 23.) Authorities apprehended Petitioner in San Francisco in 2010. (*Id.*)

On May 17, 2010, Petitioner entered a not guilty plea to the 1990 charges. (Doc. 10, Ex. A at 1.) The State alleged historical priors and allegations pursuant to Arizona Revised Statutes § 13-702.02. (*Id.*) On July 28, 2010, Petitioner's counsel filed a motion seeking to have the case designated as a complex case, which the court granted the next day over Petitioner's objection. (*Id.*, Ex. A at 2-3.) Petitioner then fired his defense counsel and chose to represent himself during further pretrial proceedings and at his trial. (*Id.* at 2.) One of the alleged victims died prior to trial and the charges with regard to that victim were dismissed. (*Id.*, Ex. B at 1 n.1.).

At trial, during which Petitioner represented himself, Petitioner asserted the investments at issue were legitimate investment vehicles but failures, and that some of the alleged victims did not suffer complete financial loss. (Doc. 10, Ex. A at 3.) However, at his trial, Petitioner "presented no evidence that the investments he allegedly made on behalf of the victims ever actually existed." (*Id.* at 8.) Petitioner produced a biometrics

---

[2] Count I alleged the victim, "Annabelia," gave Petitioner $20,000; Count II alleged the victim, "A.J.," gave Petitioner $20,000; Count III alleged the victim, "Brad," gave Petitioner $10,000; Count IV alleged the victim, "Larry," gave Petitioner $17,500; and Count V alleged the victim, "Patricia," gave Petitioner $18,050.50. (Doc. 10, Ex. B.)

expert who opined that Petitioner was not the person identified by the victims as Joseph John Viola. (*Id.*) Some of the victims were Petitioner's social friends at the time they invested their money. (*Id.*, Ex. D at 9.) These victims testified at trial that they recognized Petitioner as the individual who had defrauded them using the name Joseph John Viola. After deliberating for several days, the jury convicted Petitioner on all five counts. (*Id.*)

Petitioner filed a motion for a new trial and renewed a prior motion for a judgment of acquittal, both of which the court denied. (*Id.*, Ex. A at 4.)

The State proved that Petitioner had previously been convicted of five felonies, all alleged to have been committed in 1983. (Doc. 10, Ex. B at 25.) Two of these prior convictions were used for the purpose of sentencing and three were used as aggravating circumstances. (*Id.*, Ex. B at 51). On May 3, 2011, the trial court sentenced Petitioner to a term of 18 years imprisonment for each of the five counts of conviction, with four of the sentences to be served concurrently to each other but consecutively to the remaining sentence, for a total sentence of 36 years imprisonment. (*Id.*, Ex. B at 25.)

### ii. Direct Appeal

Petitioner took a timely, direct appeal from his convictions and sentences, and was represented by counsel in his direct appeal. (Doc. 10, Ex. A.) In his direct appeal, Petitioner asserted that the trial court abused its discretion by admitting evidence of Petitioner's five prior convictions[3] during his trial as "intrinsic" to the charged offenses, arguing that the admission of this "other act" evidence violated Rule 404(b), Arizona Rules of Criminal Procedure. (*Id.*, Ex. A at 5–1, Ex. D at 3.) Petitioner also argued that the evidence presented at trial was insufficient to support his convictions. (*Id.*, Ex. A at 13–17.) Petitioner further maintained that the trial court abused its discretion by designating his case as complex under state procedural rules, and also claimed that the sentences imposed were "unreasonable and excessive," without citation to any published federal legal opinion or amendment to the United States Constitution. (*Id.*, Ex. A at 17–

---

[3] These convictions were for theft, fraudulent schemes and artifices, and sale of unregistered securities. (Doc. 10, Ex. A at 5–13.).

4

19, 20–23.)

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision entered on October 2, 2012. (Doc. 10, Ex. D.) With regard to Petitioner's argument regarding the sufficiency of the evidence, the appellate court did not cite to any federal legal opinion. The Arizona Court of Appeals found Petitioner had "not cite[d] any portion of the record to support his factual assertions" that the alleged investment mechanisms were legitimate and that some of the alleged victims had profited from their investments. (*Id.*, Ex. D at 5-6.) The appellate court further found Petitioner had not established at his trial or subsequently that he was not "John Viola," the person who had defrauded the victims. (*Id.*, Ex. D at 9.) The court then delineated all of the evidence against Petitioner and how that evidence supported his convictions. (*Id.*) The Arizona Court of Appeals, having considered the merits of each of Petitioner's claims of error, denied relief.

The Arizona Court of Appeals subsequently granted Petitioner's motion to recall its mandate in his direct appeal and gave him until April 12, 2013, to file a petition for review with the Arizona Supreme Court. (Doc. 10, Ex. F, Ex. G.) The petition for review was denied by the Arizona Supreme Court on June 25, 2013. (*Id.*, Ex. I.) Petitioner sought a writ of certiorari in the United States Supreme Court. His request was denied on December 16, 2013. (*Id.*, Ex. M.) The Arizona Court of Appeals issued its final mandate in Petitioner's direct appeal on December 31, 2013. (*Id.*, Ex. N.)

### c. PETITIONS FOR POST-CONVICTION RELIEF

Respondents aver that Petitioner never initiated a timely state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Petitioner does not challenge this assertion in his Reply to Respondents' Limited Answer.

### d. FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On May 19, 2014, Petitioner filed the instant habeas Petition, which advances four grounds for relief:

In **Ground One**, Petitioner alleges that the trial court abused its discretion

by failing to grant a new trial, was without jurisdiction, and prevented Petitioner from presenting a complete defense, all in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendment.

In **Ground Two**, Petitioner alleges that the trial court abused its discretion by designating his trial as "complex," in violation of the Fifth, Sixth, and Fourteenth Amendments.

In **Ground Three**, Petitioner alleges that the trial court abused its discretion by allowing the presentation of Petitioner's "alleged" prior convictions, in violation of the Fifth and Fourteenth Amendments.

In **Ground Four**, Petitioner alleges that the trial court abused its discretion in imposing an excessive sentence, in violation of the Fifth, Eighth, and Fourteenth Amendments.

(Doc. 5 at 1-2 (citing Doc. 1).)

On October 16, 2014, the State filed a Response to the Petition. (Doc. 10.) The State asserts that the Petition is timely, but maintains that Petitioner's claims are procedurally defaulted. (*Id.*) On November 20, 2014, Petitioner filed a Reply "in the Form of a Motion to Strike." (Doc. 11.) Petitioner argued the Limited Response was deficient and failed to challenge the merits of his Petition. (Doc. 11 at 4-5.) Petitioner also argued that he exhausted his claims by including them in a previous special action and by including them in his appeal to the Arizona Supreme Court. (Doc. 11 at 5-7, 10-13.) Petitioner also claimed that he was denied the right to represent himself on direct appeal and his appellate counsel was unresponsive to his requests. (Doc. 11 at 13-15.)[4]

### III. APPLICATION OF LAW

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

### A. LEGAL STANDARDS

#### i. Exhaustion of Habeas Claims in the State Courts

---

[4] In addition, Petitioner filed a "Motion for Issuance of Writ of Habeas Corpus Forthwith." (Doc. 7.) Respondent filed a Response to Petitioner's Motion to Strike Limited Answer (Doc. 12), which was followed by a Reply by Petitioner (Doc. 13.) On July 23, 2015, this Court denied both Motions in a separate Order. (Doc. 15.)

Absent specific circumstances, the District Court may only grant federal habeas relief on the merits of a claim that has been properly exhausted in the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure," such as a post-conviction action, in the state courts. 28 U.S.C. § 2254(c).

To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. *See*, *e.g.*, *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Palmateer*, 395 F.3d 1108, 1110 (9th Cir. 2005).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust state remedies under 28 U.S.C. § 2254(b)(1) by giving the state the opportunity "to pass upon and correct" the alleged federal constitutional violations. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas" and the federal court must generally dismiss the petition. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1 (1991).

*Whaley v. Belleque*, 520 F.3d 997, 1003-04 (9th Cir. 2008).

### ii. Fair Presentment

In non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either in a direct appeal or in a petition for post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). *See also Date v. Schriro*, 619 F. Supp. 2d 736, 762-63 (D. Ariz. 2008); *Crowell v. Knowles*, 483 F. Supp. 2d 925, 932 (D.

7

Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001). *See also Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). In *Baldwin v. Reese*, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged *constitutional* errors. *See* 541 U.S. 27, 29 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. *See, e.g., id.* 541 U.S. at 33. *See also Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014).

> [The] AEDPA "leav[es] 'primary responsibility' for adjudicating federal claims to the States." *Johnson v. Williams*, 133 S.Ct. 1088, 1097, [] (2013) (citing *Woodford v. Visciotti*, 537 U.S. 19, 27, 123 S.Ct. 357, [] (2002)). It follows that absent "evidence lead[ing] very clearly to the conclusion that a federal claim was inadvertently overlooked in state court," a federal habeas court presumes that the state court reached a petitioner's fairly presented federal claim. *Id.*

*Williams v. Swarthout*, 771 F.3d 501, 506 (9th Cir. 2014).

In order to fulfill exhaustion requirements, a petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Dickens v. Ryan*, 740 F.3d 1302, 1318-19 (9th Cir. 2014); *Libberton v. Ryan*, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. *See Arrendondo*, 763 F.3d at 1138; *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013), *cert. denied*; 134 S.Ct. 2823 (2014); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009); *Lopez v. Schriro*, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution"

to fairly present a claim to the state courts, *Picard*, 404 U.S. at 277–78, the habeas petitioner must do more than present the facts necessary to support the federal claim. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982).

### iii. Procedural Default

The procedural default doctrine is a corollary to the exhaustion requirement. Procedural default of a federal habeas claim occurs when a petitioner has never presented the federal habeas claim to the state's highest court in any manner and Petitioner is barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. *See, e.g., Castille*, 489 U.S. at 351–52. Procedural default also occurs when a petitioner did present the claim to the state's highest court, but the state court did not address the merits of the claim because the petitioner failed to follow a state procedural rule when presenting the claim. *See, e.g.*, *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991); *Coleman*, 501 U.S. at 727–28.

"If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review . . . he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" *Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000) (quoting *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994)). Therefore, if it is clear that a petitioner's habeas claim may not be presented to the state courts because of rules regarding timing and the proper presentation of claims, the habeas claim is "exhausted" by virtue of the petitioner's "procedural default" of the claim. *See, e.g., Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006).

In Arizona, claims not previously presented to the state courts in either a direct appeal or on collateral review in an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive Rule 32 action is permitted. *See* Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a) & (b) (successive petitions are limited to claims of being held in

custody beyond sentence expiration, newly-discovered material facts, requests for delayed appeal, significant change in the law retroactively applicable that would probably overturn conviction or sentence, and actual innocence); *Spreitz v. Ryan*, 617 F. Supp. 2d 887, 899–900 (D. Ariz. 2009).

Additionally,

> [f]or the procedural default rule to apply, "the application of the state procedural rule must provide an adequate and independent state law basis on which the state court can deny relief." *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) []. Arizona's waiver rules are independent and adequate bases for denying relief. *Stewart v. Smith*, 536 U.S. 856, 859–60, 122 S.Ct. 2578, [] (2002) (per curiam) (holding denials pursuant to Arizona waiver rules are independent of federal law); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (finding Arizona waiver rule consistently and regularly applied).

*Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir.), *cert. denied*, 135 S.Ct. 710 (2014).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims, which have been found to be consistently applied and well-established, bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any federal habeas claim not fairly presented to the Arizona Court of Appeals in his direct appeal or in a properly-filed Rule 32 action. *See id.* 752 F.3d at 780; *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). *See also Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar).

Petitioner never filed a timely action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, and is now barred from doing so absent the presentation of a very limited number of claims, not applicable to his federal habeas claims. Accordingly, any federal habeas claim not raised in Petitioner's direct appeal is exhausted but procedurally defaulted.

### iv. Petitioner must establish cause for and prejudice from a procedural default of habeas claims.

A court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Clabourne v. Ryan*, 745 F.3d 362, 375 (9th Cir. 2014); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, a petitioner bears the burden of establishing that some objective factor external to the defense impeded his ability to exhaust his habeas claims in compliance with Arizona's procedural rules. *See Moorman v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). To establish prejudice, the petitioner must show that the alleged trial error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). *See also Correll v. Stewart*, 137 F.3d 1404, 1415–16 (9th Cir. 1998). Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violation, there is a reasonable probability he would not have been convicted of the same crimes. *See Manning v. Foster*, 224 F.3d 1129, 1135–36 (9th Cir. 2000).

Generally, a petitioner's lack of legal expertise is not cause to excuse a procedural default of a habeas claim. *See*, *e.g.*, *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 908 (9th Cir. 1986). The Ninth Circuit Court of Appeals has also stated that prejudice is established by a petitioner's "actual innocence" of the crimes of conviction. *See Vosgien v. Persson*, 742 F.3d 1131, 1134-35 (9th Cir. 2014). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); *Thomas*, 945 F.2d at 1123 n.10.

### v. Actual Innocence as a Means of Excusing Procedural Default

If a petitioner is unable to establish cause for, or prejudice arising from the

procedural default of a claim, review of the merits of the procedurally defaulted habeas claim is still required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Schlup v. Delo*, 513 U.S. 298, 316 (1995). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. *See Murray v. Carrier*, 477 U.S. 478, 485-86 (1986); *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged. *See Dretke*, 541 U.S. at 393, 124 S. Ct. at 1852; *Wildman v. Johnson,* 261 F.3d 832, 842–43 (9th Cir. 2001).

### b.  PETITIONER'S GROUNDS FOR RELIEF

#### i.  Ground One is procedurally defaulted.

Ground One is procedurally defaulted because Petitioner did not identify a claim under the United States Constitution when he litigated this ground on appeal. In order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial post-conviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, Federal Habeas Corpus Practice and Procedure, § 23.3b (4th ed.1998)).

Petitioner asserted in his direct appeal that the trial court abused its discretion by failing to grant him a new trial based on insufficiency of the evidence. Petitioner cited only to state law when arguing that the standard to be applied was whether a rational trier of fact could have found guilt beyond a reasonable doubt. (Doc. 10, Ex. A at 13-17.) Petitioner further asserted to the Arizona Court of Appeals in this same section of his appellate brief that Rule 20, Arizona Rules of Criminal Procedure, required the trial court

to enter an acquittal when there was insufficient evidence to sustain a verdict. (Doc. 10, Ex. A at 14.) Petitioner did not raise a federal claim in the Arizona Court of Appeals on this ground. Petitioner was required to raise his federal claims "on every level of direct review," *i.e.*, "at all appellate stages afforded under state law as of right by that procedure," including the "intermediate state appellate court." *Casey*, 386 F.3d at 916–17. *See Castille,* 489 U.S. at 351–52 (raising a new claim to a state court that has discretionary review does not constitute fair presentation); *Casey*, 386 F.3d at 915–19 (holding that "under *Castille*, [the petitioner] did not fairly present his federal law claims when he raised them for the first and only time upon petitioning for discretionary review to the [state supreme court]."); *Rasmussen v. Frakes*, 325 Fed. Appx. 500, 502 (9th Cir. 2009) (unpublished) ("Rasmussen's concession that he failed to present claim eleven as a federal constitutional claim in the Washington Court of Appeals is dispositive as to that allegation.").[5]

Petitioner did not present a claim to the Arizona Court of Appeals that he was denied the opportunity to present a complete defense or that his prosecution violated the federal courts' "exclusive jurisdiction of the Commodity Exchange Act." (Doc. 1 at 6.) Because Petitioner did not present the claims in Ground One to the Arizona Court of Appeals as asserting a violation of a federal constitutional right and because Arizona's

---

[5] Petitioner, in his Reply, asserts that "the Ninth Circuit has held that the exhaustion requirement was satisfied because all three claims were extensively argued in an appendix attached to a motion presented to the Supreme Court." (Doc. 11 at 10.) Petitioner cites to *Insyxiengmay*, 403 F.3d at 663-664, and further argues that "it has been held that once full opportunity for State Appellate Courts has been afforded, forcing a Petitioner to exhaust other state remedies after fairly presenting a claim to the highest court" is not required. (Doc. 11 at 10-11.) Here, as in *Casey*, where the highest court denied discretionary review (Doc. 10-2, Exh. I.), the claim remains unexhausted. "In 1989, a unanimous Supreme Court held in *Castille* that a claim remains unexhausted for lack of 'fair presentation' where, as here, it was raised for the first time on discretionary review to the state's highest court and denied without comment. 489 U.S. at 351, 109 S.Ct. 1056." *Casey*, 386 F.3d at 916. Petitioner's "Special Action" on "Interlocutory Orders" (Doc. 11 at 17-50) was denied prior to sentencing (Doc. 11 at 97) and did not exhaust his claims. *See Castille* (holding that raising a claim in a procedural context in which the merits would not be considered absent special and important reasons does not constitute fair presentation for purposes of exhaustion); *Swoopes,* 196 F.3d at 1010 ("claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them").

13

procedural rules preclude Petitioner from returning to the state courts with this claim, the claim is exhausted but procedurally defaulted. *See Cook v. Schriro*, 538 F.3d 1000, 1030 (9th Cir. 2008). A state prisoner has not "fairly presented," and thus exhausted, federal claims in the state court unless he specifically indicated to that court that the claims were based on federal law. *See*, *e.g., Lyons v. Crawford*, 232 F.3d 666, 669–70 (2000), *as amended*, 247 F.3d 904 (9th Cir. 2001) (holding that general references to insufficiency of evidence, the right to be tried by an impartial jury and ineffective assistance of counsel, lacked the specificity and explicitness required to present federal claim); *Shumway v. Payne*, 223 F.3d 982, 987–88 (9th Cir. 2000). A petitioner must make the federal basis of a claim explicit by citing specific provisions of federal statutory or case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), or by citing state cases that explicitly analyze the same federal constitutional claim. *See Fields v. Waddington*, 401 F.3d 1018, 1020-21 (9th Cir. 2005).

Petitioner did not properly raise his first claim for habeas relief in the state courts and, because he is precluded from returning to the state courts with the claim, it is exhausted but procedurally defaulted.

### ii. Ground Two is procedurally defaulted.

Ground Two is procedurally defaulted because Petitioner did not identify a claim under the United States Constitution when he litigated this ground on appeal. In Ground Two of his habeas Petition, Petitioner alleges that the trial court abused its discretion by designating his trial as "complex," thereby violating his rights to a fair trial and to due process of law. (Doc. 1, Ex. 1 at 7.) In his direct appeal, Petitioner asserted that the trial court abused its discretion by designating his case as "complex" pursuant to Rule 8, Arizona Rules of Criminal Procedure. (Doc. 10, Ex. A at 17–19.) In his brief to the Arizona Court of Appeals, Petitioner cited three state cases to support his argument that the complex trial designation violated his "right to proceed to trial within the statutory 90-day period." (Doc. 10, Ex. A at 18.) Petitioner did not engage in any discussion of any federal constitutional right, which would have alerted the state court that Petitioner

was asserting a federal claim. (*Id.*, Ex. A at 18 (citing *State v. Adair*, 470 P.2d 671, 673 (1970)).) Because Petitioner did not properly present his second habeas claim to the state courts as asserting the violation of a federal constitutional right, rather than as a violation of state law, and because he is precluded from returning to the state courts with the claim, it is exhausted but procedurally defaulted.

### iii. Ground Three is procedurally defaulted.

Ground Three is procedurally defaulted because Petitioner did not identify a claim under the United States Constitution when he litigated this ground on appeal. Petitioner argues in Ground Three of his habeas Petition that the state trial court abused its discretion by allowing the introduction of Petitioner's "alleged" prior convictions as evidence in his criminal trial, in violation of the Fifth and Fourteenth Amendments. In his brief in his direct appeal, however, Petitioner did not assert that the admission of this evidence violated his federal constitutional rights. Rather, in his direct appeal, Petitioner argued that the admission of this evidence violated Rule 404(b) of the Arizona Rules of Evidence. (Doc. 10, Ex. A at 5–13.). Petitioner did not cite to or refer to any "provisions of the federal Constitution" or "federal or state case law that engages in a federal constitutional analysis" when arguing that the admission of this evidence was improper and, accordingly, Petitioner did not exhaust his federal habeas claim in the state court by fairly presenting it as one asserting the violation of a federal constitutional right. *See Fields*, 401 F.3d at 1021.

Petitioner did cite three federal legal opinions in his appellate brief, however, he did not cite them in the context of asserting the violation of his federal constitutional rights. (Doc. 10, Ex. A at 9). Petitioner cited these cases for the proposition that: "Both state and federal law are in conformity concerning the admissibility of 404(b) evidence." (*Id.* (citing *United States v. Brown*, 880 F.2d 1012, 1014–16 (9th Cir. 1989), *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986), and *United States v. Hodges*, 770 F.2d 1475, 1479–80 (9th Cir. 1985))). Additionally, although two of the opinions cited by Petitioner, *Brown* and *Hodges*, are federal opinions, these each specifically note that

the evidentiary question at issue was the application of Rule 404(b), not a constitutional matter. *See Brown*, 880 F.2d at 1016 ("Errors, such as this one, which do not rise to constitutional dimension . . . ."); *Hodges*, 770 F.2d at 1480 ("Assuming that the district court's error was 'non-constitutional'. . . ."). Therefore, Petitioner's citation to federal case law construing the Federal Rules of Evidence did not fairly present his federal constitutional claim.

Petitioner did not properly raise his third claim for habeas relief in the state courts and, because he is precluded from returning to the state courts with the claim, it is exhausted but procedurally defaulted.

### iv. Ground Four is procedurally defaulted.

Ground Four is procedurally defaulted because Petitioner did not identify a claim under the United States Constitution when he litigated this ground on appeal. In Ground Four, Petitioner alleges that the trial court imposed an excessive sentence, in violation of Petitioner's rights pursuant to the Fifth, Eighth, and Fourteenth Amendments. Petitioner did not properly exhaust this claim in the state courts because he did not identify any violation of a federal constitutional right. Petitioner claimed that his sentence was "excessive, unreasonable, and fails to support the statutory goals of sentencing." (Doc. 10, Ex. A at 23.) Petitioner did not reference any provisions of the federal Constitution or any federal or state case law that engages in a federal constitutional analysis when presenting this claim of error to the Arizona Court of Appeals. Petitioner's only reference to a federal case stated: "'The decision to impose consecutive sentences rests with the discretion of the trial judge. A.R.S. 13-708; *United States v. Miller*, 650 F.2d 169, 170 (9th Cir. 1980).' *State v. Girdler*, 138 Ariz. 482, 489, 675 P.2d 1301, 1308 (1983)." (Doc. 10, Ex. A at 20–23.) Although Petitioner included a quotation from an Arizona case citing *Miller*, the portion of *Miller* to which Petitioner cited does not engage in an analysis of federal constitutional rights.

Petitioner did not properly raise his fourth claim for habeas relief in the state courts and, because he is precluded from returning to the state courts with the claim, it is

16

exhausted but procedurally defaulted.

> **v. Petitioner has not shown cause arising from his procedural default of his habeas claims or a fundamental miscarriage of justice such that the Court should consider the merits of his claims.**

In his Reply, Petitioner contends he was denied the right to represent himself on appeal (Doc. 11 at 13-14) and his appointed appellate counsel did not communicate and follow his requests (Doc. 11 at 14). A procedurally defaulted claim may not be barred from federal review "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones*, 691 F.3d at 1101.

Here, Petitioner claims he was "denied his right to self-represent on appeal." (Doc. 11 at 13.) There is no constitutional right to self-representation on appeal. *See Martinez v. Court of Appeal of California*, 528 U.S. 152, 161 (2000) (concluding there is no "constitutional right to self-representation on direct appeal from a criminal conviction"). Petitioner also does not specify how his counsel's failure to communicate with him established cause to excuse his procedural default.[6] Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999).

Petitioner also has not established that the failure to consider his claims will result in a fundamental miscarriage of justice. "To qualify for the 'fundamental miscarriage of

---

[6] Even if Petitioner had asserted that his counsel's failure to raise a federal claim on state appeal establishes "cause," that argument is meritless. Appellate counsel's failure to raise a federal claim in Petitioner's state appeal was not ineffective assistance establishing cause for default. If failure to present a federal claim established cause, then the "fair presentment" requirement would never bar a claim. Moreover, cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule . . . [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials made compliance impracticable." *Murray*, 477 U.S. at 488 (internal quotations and citations omitted). There was no external factor that prevented Petitioner's counsel from fairly presenting a federal claim in his direct appeal.

justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See Schlup*, 513 U.S. at 329 (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner supplied no new evidence to support a claim of his innocence. Petitioner fails to establish cause excusing procedural default or new evidence of his innocence sufficient to excuse his procedural default.

## IV. CONCLUSION

Based on the above analysis, the Court finds that Petitioner's claims are procedurally defaulted and Petitioner has not shown cause excusing the procedural default. Petitioner also has not demonstrated his actual innocence of the crimes of conviction. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The

parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 31st day of July, 2015.

Honorable John Z. Boyle
United States Magistrate Judge