IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Giuseppe Viola, | No. CV-14-1073-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Laura Escapule, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle (Doc. 16). In 1990, the State of Arizona charged Petitioner with five counts of fraudulent schemes and artifices, but he failed to appear for a scheduled preliminary hearing in May 1990 and absconded to Italy. (Doc. 16 at 3). At some point he returned to the United States and was apprehended in San Francisco in 2010. (*Id.*). A jury subsequently found Petitioner guilty of all five counts. (Doc. 16 at 4). The trial court then sentenced Petitioner, who had five prior felony convictions, to 18 years in prison on each count, with four of the prison terms to be served concurrently and one consecutively. (*Id.*). Thus, Petitioner's total sentence was 36 years in prison. (*Id.*).

Petitioner raised four claims for relief in the Petition, alleging that the trial court abused its discretion in violation of the Constitution by failing to grant a new trial; designating his trial as "complex"; allowing the presentation of his prior felony

1  convictions; and imposing an excessive sentence. (Doc. 16 at 5-6). After full
2  consideration and analysis of the issues, Judge Boyle concluded that Petitioner failed to
3  exhaust his state court remedies for the claims asserted in this action, and that he is now
4  barred from doing so. (*Id.* at 1, 18). Accordingly, Judge Boyle recommends the Petition
5  be denied and dismissed with prejudice. (*Id.* at 18).

6  Judge Boyle advised the parties that they had fourteen days to file objections and
7  that the failure to file timely objections "may result in the acceptance of the Report and
8  Recommendation by the district court without further review." (Doc. 16 at 19) (citing
9  *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). The
10 parties have not filed objections and the time to do so has expired. Absent any
11 objections, the Court is not required to review the findings and recommendations in the
12 R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the
13 Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any
14 review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328
15 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo
16 any part of the magistrate judge's disposition that has been properly objected to.").

17 Nonetheless, the Court has reviewed the R&R and agrees with its findings and
18 recommendations. The Court will, therefore, accept the R&R and deny the Petition. *See*
19 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole
20 or in part, the findings or recommendations made by the magistrate judge."); 
21 Fed.R.Civ.P. 72(b)(3) (same).

22 Accordingly,

23 **IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 16) is **accepted** and
24 **adopted** as the order of this Court.

25 **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus
26 pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

27 **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing
28 Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis*

on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 18th day of August, 2015.

Honorable Diane J. Humetewa
United States District Judge